(35 Misc. Rep. 287.)

BROWN v. HOROWITZ.

(Supreme Court, Appellate Term. June, 1901.)

SALE OF HORSE—BREACH OF WARRANTY.

Where a horse had been sold under a warranty that he was sound and kind in all harness, the fact that, after he had been driven safely before a hansom cab, he ran away for some unknown reason, does not show a breach of warranty; it appearing that the cab was improperly suited to his build, and that he had previously been gentle.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by James Brown against Jacob Horowitz. Judgment for plaintiff, and defendant appeals. Affirmed on conditions.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

Leroy D. Ball, Jr., for appellant.
Lyman A. Spalding, for respondent.

PER CURIAM. This is an action for damages for breach of warranty upon the sale of a horse. The warranty was, "Warranted kind and sound in all harness, and good wind." On the evening of the sale, plaintiff, who is a liveryman, hitched the horse to a hansom cab, and, after driving him a little, turned him over to one of his drivers. This was about half past 6. The driver made three calls with the horse, and about 1 o'clock in the morning he and the plaintiff, who was driving another cab, went to supper together. After supper they started for the plaintiff's stable on West Thirty-Ninth street, New York City. The plaintiff, on his cab, was behind the cab to which was hitched the warranted horse. When they were between Eighth and Ninth avenues, the warranted horse began to run. The plaintiff whipped up his horse, and managed to pass and get in front of the runaway, so as to stop it. The cab was somewhat injured. The plaintiff returned the horse to the auctioneer, and was tendered back the sum he had paid, but refused to accept it, saying that he proposed to collect further damages. There is nothing in the evidence to show what caused the runaway. It appears that there was a passenger in the cab at the time, but neither he nor the driver were called as witnesses, nor was any attempt made to explain or account for their absence. Former owners of the horse were called, who testified that the horse was kind and had never been known to run away. It was further testified to by persons expert in such matters that the horse was unusually tall and long in the body, and that a horse of such conformation was not well adapted for use in the ordinary hansom cab, unless exceptionally long shafts were used. The warranty in the present case was not a specific warranty that the horse was suitable to be driven before a hansom cab, but merely that he was kind and sound in all harness. We do not think that the evidence justified a finding that the warranty had been broken. All that appeared was that, after the horse had been safely driven for several hours, he ran away. Absolutely no evidence is offered to show how he came to run, and neither the driver, nor the passenger, who may be supposed to know something of the circumstances, have been called upon to state them. It is a fair inference from the failure to call or account for the absence of the driver that his testimony, if produced, would not have added anything to the strength of the plaintiff's case. Milliman v. Railway Co., 3 App. Div. 109, 39 N. Y. Supp. 274; Cushman v. De Mallie, 46 App. Div. 379, 61 N. Y. Supp. 878. We have, therefore, as the sole evidence of a breach of warranty, the unexplained fact that the horse ran away. This, in our opinion, was not sufficient, in the face of the positive evi-

dence of the horse's previous gentleness, and of the necessity, owing to his visible conformation, to especial care in hitching him to the particular vehicle in which it was attempted to use him. The horse having been redelivered to and accepted by the seller, the plaintiff is entitled to recover the purchase price. The judgment will be affirmed, without costs, if the plaintiff stipulates to reduce it to the sum of $33.37, and that $10 of the costs already paid to plaintiff shall be applied to the payment of said judgment; otherwise, the judgment will be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment affirmed, without costs, if plaintiff stipulate to reduce it to the sum of $33.37; otherwise, judgment reversed, and new trial granted, with costs to appellant to abide event.